# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDACHE STEPTER, | CASE NO.   1:11-cv-1637-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| AVENAL STATE PRISON, et al., | (ECF No. 11) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____ / | |

Plaintiff Jordache Stepter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

Plaintiff initiated this action on September 15, 2011 (ECF No. 4), and filed a signed Complaint on October 17, 2011 (Compl., ECF No. 11).  Plaintiff's Complaint is currently before the Court for screening.  No other parties have appeared in this action.

For the reasons stated below, the Court finds that Plaintiff's Complaint fails to state a claim.  Plaintiff will be given leave to file an amended complaint.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## II.   SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of unspecified Constitutional rights.  Plaintiff is incarcerated at Avenal State Prison ("ASP") where the events alleged in the Complaint occurred.  Plaintiff names the following individuals as Defendants in this action: 1) James Hartley, warden, 2) Capt. Lloren, captain, 3) Sgt. Clinton, sergeant, 4) Lt. Jepsen, lieutenant, 5) Lt. Crenshaw, lieutenant, 6) B. Mobley, correctional officer, and 7) R. Howard, correctional officer.

Plaintiff asks that the Court file a complaint on his behalf and take it to trial.  He would also like the Court to serve the parties.  He asks for a permanent restraining order directing that Plaintiff be transferred to a different facility.  Plaintiff is willing to consider monetary and punitive damages and/or to regain his original "EPRD" of December 27, 2012.

Plaintiff alleges the following:

From August 2011 to the present, Plaintiff has been harassed, threatened, and discriminated against on a daily basis.  This has caused him mental pain, emotional pain, and distress.  Defendant Hartley, the warden, and Internal Affairs have failed to get

involved and help Plaintiff even though Plaintiff has advised them of these incidents. Plaintiff told Defendant Lloren about sexual and other harassment, verbal hate crimes, threats, and discrimination. Defendant Lloren refused to help Plaintiff. The harassment includes forcing Plaintiff to cut his cultural hairstyle which was related to his beliefs. Plaintiff was punished and written up by Defendants Mobley and Howard, individuals whose harassment, threats, and discrimination caused Plaintiff mental and emotional pain and distress. Defendants Clinton, Jepsen, Crenshaw have jeopardized Plaintiff's freedom from incarceration, tortured Plaintiff, and punished Plaintiff.

## III.  ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.  Personal Participation and Supervisory Liability

As currently plead, Defendant Hartley is alleged to be liable for others' unconstitutional conduct merely because, as Warden of ASP, he was responsible for the acts of those under him.

However, under Section 1983, Plaintiff must demonstrate that each named

Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts suggesting that this Defendant personally acted to violate his rights. Plaintiff shall be given the opportunity to file an amended complaint curing this deficiency. Plaintiff's amended complaint needs to specifically link each Defendant to a violation of his rights.

**B.  Claims**

Plaintiff has not alleged a statutory basis for any of his claims. Without same, he cannot, and has not, stated a cognizable claim. It is conceivable he may wish to allege equal protection, failure to protect, and infliction of emotional distress claims. The standard for alleging each such claim is set forth below. If Plaintiff elects to amend, he should use the standards set out below to guide him in trying to set out cognizable claims.

    1.    Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v.

City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### 2. Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152

F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

      3.  Infliction of Mental and Emotional Distress

  Under the California Tort Claims Act, a plaintiff may not maintain an action for damages against a public employee unless he timely filed a notice of tort claim.  Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Thus, to raise a state claim, Plaintiff must allege facts demonstrating compliance with the presentation requirement of the California Tort Claims Act.  State of California v. Superior Court, 32 Cal.4th 1234, 1243–44, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004); Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (Cal.App.1983).  When a plaintiff fails to allege compliance, it is fatal to the cause of action and results in the dismissal of the state law claim.  Id.; Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969).  Plaintiff has not alleged that he made any effort to comply with the California Tort Claims Act.

  To comply with the California Tort Claims Act, a complaint must at a minimum, "identify the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted."  Cal. Gov't Code § 910(c).  Additionally, claims "relating to a cause of action for ... injury to a person" must be presented no later than six months after the accrual of the cause of action."  Cal. Gov't Code § 911.2(a).  "Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  Pimentel v. County of Fresno, 2011 U.S. Dist. LEXIS 10117, at *26, 2011 WL 350288 (E.D.Cal. Feb. 2, 2011), citing City of Stockton v. Superior Court, 42 Cal.4th 730, 738, 68 Cal.Rptr.3d 295, 171 P.3d 20; Cal. Gov't. Code § 945.4.

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's Complaint, filed October 17, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.     Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this Order,

1    this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     March 15, 2012                    /s/ *Michael J. Seng*
ci4d6                                         UNITED STATES MAGISTRATE JUDGE